IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MARTHA GOUTY,
an individual,

        Plaintiff,

v.

HY CITE ENTERPRISES, LLC, a Wisconsin
Limited Liability Company,

        Defendant.

CASE NO.:

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COMPLAINT

Plaintiff, **MARTHA GOUTY** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **HY CITE ENTERPRISES, LLC** (hereafter referred to as "Hy Cite," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was injured by a "Royal Prestige pressure cooker" (hereafter generally referred to as "pressure cooker(s)"), Model No.: CO1258, exclusively sold and distributed by Hy Cite.

2. On or about July 1, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly ejecting off

1

the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3. The aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiff and similar consumers in danger while using the pressure cookers.

4. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF MARTHA GOUTY

6. Plaintiff is a resident, citizen and is domiciled in the City of Hillard, County of Franklin, State of Ohio. Plaintiff intends to remain in the City of Hillard, County of Franklin, State of Ohio indefinitely. Plaintiff therefore is a resident, citizen and is domiciled in the State of Ohio for purposes of diversity pursuant to 28 U.S.C. § 1332.

7. Plaintiff purchased the subject pressure cooker directly from Hy Cite via one of its "independent distributors."[1]

8. On or about July 1, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker; allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

9. The incident occurred as a result of the failure of the pressure cookers supposed "four safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT HY CITE ENTERPRISES, LLC

10. Defendant Hy Cite designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

11. Hy Cite touts that Royal Prestige is it's "signature collection of innovative home and kitchen solutions and accessories, crafted with the strictest of quality standards" and has "served around 2.6 million customers in the United States and Latin America" over the past five years.[3]

---

[1] See https://hycite.com/royal-prestige (last accessed May 21, 2025)
[2] https://www.royalprestige.com/en-us/products/detail/pressure-cooker (last accessed May 21, 2025) ("Safety | Four security mechanisms for your peace of mind.")
[3] See https://hycite.com/royal-prestige (last accessed May 21, 2025)

12. Hy Cite is, and was at the time of Plaintiff's injury, a Wisconsin limited liability company with its principal place of business located in Middleton, Wisconsin. Hy Cite Enterprises, LLC, is a wholly owned subsidiary of Hy Cite Corporation, a Wisconsin Corporation. Hy Cite Corporation is the only member of the LLC. Hy Cite does business in all 50 states. Hy Cite is therefore deemed to be a resident and citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13. At all times relevant, Defendant Hy Cite substantially participated in the design, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Defendant is a resident of this District.

## FACTUAL BACKGROUND

17. Hy Cite is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

18. Hy Cite warrants, markets, advertises and sells its Royal Prestige pressure cookers as a means to "save up to a third of the cooking time."[4]

19. It further boasts that "with four safety mechanisms, this pressure cooker offers you peace of mind to cook at ease,"[5] which purports to keep the user safe while cooking.



20. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

22. However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable

---

[4] Id.

and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

23. The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

24. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

25. As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

26. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### CAUSES OF ACTION I – IV
### DEFECTIVE MANUFACTURING/CONSTRUCTION
### DEFECTIVE DESIGN/FORMULATION
### DEFECTIVE WARNING/INSTRUCTION
### DEFECTIVE DUE TO NONCONFORMITY WITH REPRESENTATION
### STRICT LIABILITY
### Pursuant to ORC § 2307.71 *et seq.*

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

28. At the time of Plaintiff's injuries, Defendant's pressure cookers, including the subject pressure cooker, were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. The subject pressure cooker was in the same or substantially similar condition as when it left the possession of the Defendant.

30. Plaintiff and her family did not misuse or materially alter the pressure cooker.

31. The subject pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32. The aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiff and similar consumers in danger while using the pressure cookers.

33. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

34. The Plaintiff in this case reasonably relied on Defendant's representations that it's pressure cookers, including the subject pressure cooker, was safe.

35. Defendant's pressure cookers are defective in design or formulation. R.C. 2307.75.

36. Defendant's pressure cookers are defective due to inadequate warning or instruction. R.C. 2307.76.

37. Defendant's pressure cookers are defective for failing to conform to a representation made by the manufacturer. R.C. 2307.77.

38. Defendants are, or may be, liable as suppliers. R.C. 2307.78.

39. The defective condition of the subject pressure cooker includes, *inter alia*, the following:

    a. The subject pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, to avoid the aforementioned risks to individuals;

    e. Defendant failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

    f. Defendant failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cookers;

    g. Upon information and belief, Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages; and

    h. Upon information and belief, Defendant also failed to disclose material facts regarding the safety and efficacy of the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, including information regarding their propensity to cause personal injuries.

40. Defendant's pressure cookers were defective in that at the time the subject pressure cooker left the control of Defendant, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation.

41. The subject pressure cooker did not conform to the standards of similar or identical pressure cookers; specifically, UL 136 sections 9, 10 and 15, in that the lids of said pressure cookers was able to be removed while the unit remained pressurized.

42. The propensity for the lid of the pressure cooker to be removed during its normal, foreseeable use, was not an open and obvious risk.

43. The subject pressure cooker was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff.

44. The Defendant in this case had a duty to provide Plaintiff and other consumers with true and accurate information and warnings of any known dangers of the pressure cookers it marketed, distributed and sold.

45. The Defendant in this case knew or should have known, based on prior experience that its representations regarding its pressure cookers were false, and that it had a duty to disclose the dangers associated with their pressure cookers.

46. As a direct and proximate result of Defendant's defective pressure cooker, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain,

mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendant in this case is liable for these losses.

### CAUSE OF ACTION V
### NEGLIGENCE

47. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

48. Defendant owed a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

49. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers, including the subject pressure cooker, created a high risk of unreasonable harm to the Plaintiff and consumers alike.

50. The Defendant in this case was negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers, including the subject pressure cooker, in that, *inter alia*, it:

   a. Failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

   b. Failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

   c. Failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

    d. Failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, to avoid the aforementioned risks to individuals;

    e. Failed to conform it's pressure cookers to UL 136;

    f. Placed an unsafe product into the stream of commerce; and

Was otherwise careless or negligent

51. As a direct and proximate result of Defendant's negligence, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendants in this case is liable for these losses.

## CAUSE OF ACTION VI
## BREACH OF IMPLIED WARRANTIES

52. Plaintiff incorporates by reference incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

53. Defendants manufactured, supplied, and sold their pressure cookers, including the subject pressure cooker, with an implied warranty that they were fit for the particular purpose of quickly and safely cooking.

54. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of these warranties.

55. Defendant's pressure cookers, including the subject pressure cooker, were not fit for the particular purpose as a safe and efficient means of cooking due to the unreasonable risks of bodily injury associated with their use.

56. Furthermore, Defendant's pressure cookers, including the subject pressure cookers, were not merchantable and fit for their ordinary purpose, because of a users ability to remove the lid of the pressure cooker while it remained pressurized; contrary to the requirements of UL 136 Section 9.

57. The Plaintiff in this case reasonably relied on Defendant's representations that its pressure cookers, including the subject pressure cooker, were fit for the particular purpose of cooking safely and efficiently.

58. Additionally, Plaintiff used the subject pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of communicating safely and efficiently.

59. As a direct and proximate result of Defendant's breach of the aforementioned warranties, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses and overall diminished enjoyment of life. The Defendant in this case is liable for these loses.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

    a. For an award of damages, including damages against Defendant for pain and suffering, medical and hospital expenses, loss of income, permanent

disability, and other damages according to proof at trial in excess of $75,000;

b. For reasonable attorneys' fees and costs;

c. For pre-judgment interest;

d. Restitution, disgorgement of profits, and other equitable relief; and

e. For such further relief as this Court deems necessary, just, equitable and proper.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: May 21, 2025

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***